[No. 32366-1-I.   Division One.   April 11, 1994.]

HENRY PAULMAN, *Appellant*, v. FILTERCORP, *Respondent*.

*John McKay* and *Cairncross & Hempelmann, P.S.*, for appellant.

*Michael L. Charneski,* for respondent.

*Daniel B. Ritter* and *Davis Wright Tremaine* on behalf of Washington Bankers Association, amicus curiae.

BAKER, J. — Henry Paulman filed suit to collect money due him under a promissory note given by Filtercorp. The trial court granted partial summary judgment to Filtercorp, finding that the note was usurious. On appeal, Paulman contends that a usury defense is not allowed in commercial transactions. Filtercorp cross-appeals the trial court's denial of setoffs against the note. We hold that Filtercorp is barred from asserting the defense of usury because of its status as a corporation and because the loan was for commercial purposes. Accordingly, we reverse the summary judgment.

I

Filtercorp is a corporation which designs and manufactures restaurant equipment. Robin Bernard is its president and a shareholder; John Gardner is an officer and another shareholder.

In November 1991 Paulman loaned $200,000 to Filtercorp. A promissory note was signed by Bernard personally and as president of Filtercorp, and by Gardner personally. The note carried an interest rate of 2 percent per month and was due February 21, 1992. Filtercorp made several payments on the note.

On February 14, 1992, a new promissory note for $225,000 was signed by the same parties. This note carried an interest rate of 2 percent per month and was due April 15, 1992. For this note, Filtercorp actually received $200,000 because $25,000 was carried forward from the November note. Filtercorp again made several payments on this note.

Paulman later agreed to extend the due date from April 15 to May 1, 1992. At the same time, he charged an additional $27,000 "consulting fee" (a $24,000 "consulting fee" had been charged in connection with the original November note).

In May Paulman agreed to further extend the due date to June 30, 1992. In exchange for this extension, Filtercorp agreed to bring all interest and penalty charges current as of May 15. As of June 30, 1992, Filtercorp still owed $175,000 in principal on the February note.

On June 30, 1992, a third promissory note for $210,000 was signed by the same parties. It carried an interest rate of 5 percent per month and was due on September 30, 1992. The note balance was comprised of the $175,000 principal balance still owing, the prior $27,000 "consulting fee", and an additional $8,000 "consulting fee". Filtercorp made interest payments on this note, but did not pay the principal balance when due. Paulman filed an action to collect on the June note, naming Filtercorp as the sole defendant.

The parties agree that all moneys were loaned for business purposes.

The trial court granted partial summary judgment to Filtercorp, finding that the note was usurious and that Filtercorp was entitled to setoffs, costs, and fees, all to be determined at a later date. By a later order, the trial court concluded the June note did not incorporate any prior notes and that Filtercorp was therefore not entitled to any setoffs for interest payments made or interest accrued with respect to any prior notes. The trial court properly certified the issues pursuant to CR 54(b).

## II

We first consider whether Filtercorp may assert a usury defense. In this case, there is no factual dispute. The parties agree that Filtercorp is a corporation, that the money loaned was for business purposes, and that the notes created liability on the part of two natural persons.

The parties rely on two statutes, RCW 19.52.080 and RCW 19.52.030. RCW 19.52.080 provides:

> Profit and nonprofit corporations, Massachusetts trusts, associations, trusts, general partnerships, joint ventures, limited partnerships, and governments and governmental subdivisions, agencies, or instrumentalities may not plead the defense of

usury nor maintain any action thereon or therefor, and persons may not plead the defense of usury nor maintain any action thereon or therefor if the transaction was primarily for agricultural, commercial, investment, or business purposes: PROVIDED, HOWEVER, That this section shall not apply to a consumer transaction of any amount.

Consumer transactions, as used in this section, shall mean transactions primarily for personal, family, or household purposes.

Laws of 1981, ch. 78, § 2, p. 343.

This statute limits application of usury laws to those situations in which statutory protection is most required, such as when a borrower is driven by adversity and economic necessity to borrow money at any cost. *Brown v. Giger*, 111 Wn.2d 76, 80-81, 757 P.2d 523 (1988). The statute is also meant to free up capital for those ventures which cannot be financed at below-usury rates. *Brown*, 111 Wn.2d at 81.

The other statute, RCW 19.52.030, subjects creditors of usurious transactions to certain penalties should they try to enforce the contracts. RCW 19.52.030, however, neither voids usurious contracts nor makes them voidable. The relevant portion of this statute provides:

(1) If a greater rate of interest than is allowed by statute shall be contracted for or received or reserved, the contract shall be usurious, but shall not, therefore, be void. If in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the creditor shall only be entitled to the principal, less the amount of interest accruing thereon at the rate contracted for; and if interest shall have been paid, the creditor shall only be entitled to the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; and the debtor shall be entitled to costs and reasonable attorneys' fees plus the amount by which the amount the debtor has paid under the contract exceeds the amount to which the creditor is entitled: PROVIDED, That the debtor may not commence an action on the contract to apply the provisions of this section if a loan or forbearance is made to a corporation engaged in a trade or business for the purposes of carrying on said trade or business unless there is also, in connection with such loan or forbearance, the creation of liability on the part of a natural person or that person's

property for an amount in excess of the principal plus interest allowed pursuant to RCW 19.52.020. The reduction in principal shall be applied to diminish pro rata each future installment of principal payable under the terms of the contract.

Laws of 1989, ch. 14, § 7, p. 97.

Filtercorp argues that the proviso of RCW 19.52.030(1) modifies RCW 19.52.080 and allows assertion of the defense of usury if a corporate commercial transaction creates liability in a natural person. We disagree.

■■ When statutory language is plain and unambiguous, the statute's meaning is derived from its wording. *State v. Bilal*, 54 Wn. App. 778, 782, 776 P.2d 153, *review denied*, 113 Wn.2d 1020 (1989). RCW 19.52.080 is clear and unambiguous: neither corporations nor natural persons may plead the defense of usury or maintain a usury action in business or commercial transactions. Thus, it is the status of the transaction which determines whether a party may maintain a usury action or assert the defense of usury. The proviso of RCW 19.52.030(1) states that a debtor in a corporate commercial transaction may not commence an action to recover penalties *pursuant to that section* unless the transaction created individual liability exceeding a certain amount. The proviso does not address commencing or maintaining a usury action on a corporate commercial transaction or invoking the defense of usury in an action on a corporate commercial transaction.[1]

We hold that Filtercorp is barred from asserting a usury defense in this action.[2]

This interpretation is consistent with Filtercorp's primary case authority, *Topline Equip., Inc. v. Stan Witty Land, Inc.*, 31 Wn. App. 86, 639 P.2d 825, *review denied*, 97 Wn.2d 1015

---

[1]After examining the enactment history of the usury statutes and of the proviso in particular, we believe it is possible that the Legislature intended to create a cause of action for penalties separate from and independent of an action on an allegedly usurious transaction. We decline to decide the proviso's meaning because such a determination is not necessary to the disposition of this case.

[2]Because of this holding, we need not address Filtercorp's cross appeal.

(1982), in which a creditor corporation sued a debtor corporation to collect a contract balance plus 12 percent interest allegedly agreed to by the parties but never memorialized in writing. At the time, the statutory limit on interest in the absence of a written agreement was 6 percent. Former RCW 19.52.010. Debtor asserted the defense of usury but the issue of note liability was decided on the grounds that the writing requirement of RCW 19.52.010 was not fulfilled. Creditor's recovery was therefore limited to the balance owing plus the 6 percent statutory maximum allowable interest. *Topline*, 31 Wn. App. at 91-92. The court also refused debtor's cross claim for additional damages pursuant to RCW 19.52.030(1) because the proviso allows penalties only if the transaction creates liability in a natural person "for an amount in excess of the principal plus interest allowed pursuant to RCW 19.52.020". At the time, RCW 19.52.020 allowed 12 percent interest, so the transaction did not create liability which exceeded the maximum allowed. *Topline*, 31 Wn. App. at 96-97. *Topline*'s holding on the penalty issue is not relevant to whether the defense of usury is available in an action on a corporate commercial transaction.

*Topline* suggests that penalties available under RCW 19.52.030(1) are recoverable in an action separate from collection of the note itself. *Topline* does not preclude our holding that RCW 19.52.080 controls and bars asserting the defense of usury in actions involving corporate commercial transactions.

### III

Paulman requests attorney fees for trial and appeal based on a contract clause under which Filtercorp agreed to pay all costs of collection. Because we hold that Paulman is entitled to collect on the note, we award contractual attorney fees for both trial and appeal in an amount to be determined on remand.

678

Reversed and remanded.

PEKELIS, A.C.J., and COLEMAN, J., concur.

Reconsideration denied May 9, 1994.

Affirmed at 127 Wn.2d 387.