[No. 61857-7.   En Banc.   August 10, 1995.]

HENRY PAULMAN, *Respondent*, v. FILTERCORP, INC., *Petitioner*.

*Law Offices of Michael Charneski* by *Michael L. Charneski*, for petitioner.

*Cairncross & Hempelmann* by *John McKay* and *Sandra Meadowcroft*, for respondent.

*Daniel B. Ritter* on behalf of Washington Bankers Association, amicus curiae.

DOLLIVER, J. — Defendant Filtercorp, Inc., challenges a Court of Appeals ruling that reverses a trial court order granting Filtercorp's partial summary judgment motion, which requested, *inter alia*, that the court terminate a collection action initiated by Plaintiff Henry Paulman because the interest rate on the loan that gave rise to the action is usurious. The Court of Appeals reversed because it concluded that under RCW 19.52.080 a corporate debtor who takes a loan for a business purpose is not entitled to raise the defense of usury.

Filtercorp, Inc. designs and manufactures restaurant equipment. Robin Bernard is the company's president and a shareholder, and John Gardner is a company officer and also a shareholder.

In November 1991, Henry Paulman loaned Filtercorp $200,000 for the purpose of paying its accounts payable. In exchange, Filtercorp agreed to repay the loan plus inter-

est of two percent per month by February 21, 1992. The agreement was evidenced by a promissory note signed by both Bernard and Gardner personally, and by Bernard in his capacity as president of Filtercorp. Paulman also charged Filtercorp $24,000 as a "Loan and Consulting Fee", to be paid by December 31, 1991. Filtercorp paid all but $25,000 of the money owed to Paulman.

On February 14, 1992, the same parties executed another promissory note for $225,000, different portions of which represented principal, interest, and penalties owed on the previous note. All payments on this note, which like the prior note specified an interest rate of two percent per month, were due by April 15, 1992. When Filtercorp experienced difficulty meeting this deadline, Paulman agreed to a two-week extension in exchange for an additional $27,000 "[l]oan and consulting fee". That extension was subsequently extended to June 30, 1992. When Filtercorp was unable to meet this deadline either, the parties executed yet a third promissory note. That note had a face value of $210,000, charged an interest rate of five percent per month, and indicated that all payments were due by September 30, 1992. The $210,000 consisted of the outstanding principal from the second note, the $27,000 "[l]oan and consulting fee" from the previous extension, and an additional $8,080 "loan fee".

After making a total of $21,000 in interest payments on this third note, Bernard notified Paulman that Filtercorp would not make any further payments because the interest rate on the loan was usurious. In response, Paulman filed an action against Filtercorp to collect moneys due on the note. Neither Robin Bernard nor John Gardner was named as a defendant in the lawsuit. In its answer to Paulman's complaint, Filtercorp asserted a usury defense and filed a counterclaim for penalties owing due to usury. Filtercorp then filed a motion for partial summary judgment on these issues. The trial court granted that motion.

Paulman appealed the order granting the summary judgment motion to Division One of the Court of Appeals.

That court reversed the order, holding a corporation that has taken a loan for a business purpose cannot raise the defense of usury regardless of whether the loan is guaranteed by a natural person. *Paulman v. Filtercorp*, 73 Wn. App. 672, 870 P.2d 1011 (1994). Filtercorp has requested this court to review that ruling.

I

Enacted in 1967, RCW 19.52.030 sets forth the penalties available to a debtor who has borrowed money from a lender at a usurious interest rate. Provision (1) of that statute contains a proviso which reads as follows:

> PROVIDED, That the debtor may not commence an action on the contract to apply the provisions of this section if a loan or forbearance is made to a corporation engaged in a trade or business for the purposes of carrying on said trade or business unless there is also, in connection with such loan or forbearance, the creation of liability on the part of a natural person or that person's property for an amount in excess of the principal plus interest allowed pursuant to RCW 19.52.020. . . .

In 1969, two years after enacting RCW 19.52.030, the Legislature adopted RCW 19.52.080, which as amended in 1981 provides in relevant part:

> Profit and nonprofit corporations, Massachusetts trusts, associations, trusts, general partnerships, joint ventures, limited partnerships, and governments and governmental subdivisions, agencies, or instrumentalities may not plead the defense of usury nor maintain any action thereon or therefor, and persons may not plead the defense of usury nor maintain any action thereon or therefor if the transaction was primarily for agricultural, commercial, investment, or business purposes . . . .

The provisos to RCW 19.52.030(1) and RCW 19.52.080 are contradictory. While the former expressly permits a corporate debtor to bring a usury action if it takes a loan that is guaranteed by a natural person, the latter expressly prohibits that same debtor from either bringing a usury action or invoking usury as a defense whether or not the loan is guaranteed by a natural person.

In the present action, a corporate debtor, Filtercorp, invoked usury as an affirmative defense to an action brought against it by a lender, Paulman, to collect the outstanding payments due on a loan. Two natural persons, Bernard and Gardner, guaranteed that loan.

Filtercorp acknowledges that RCW 19.52.080 governs whether a usury defense is available to a corporate debtor who has taken a loan for a business purpose. However, it submits that the proviso to RCW 19.52.030(1) operates in conjunction with RCW 19.52.080 to temper its severity. Filtercorp contends the proviso to RCW 19.52.030(1) effectively carves out an exception to the blanket prohibition of RCW 19.52.080, thus enabling a corporate debtor to raise the defense of usury if a natural person has guaranteed its loan. We disagree.

To support its proposition, Filtercorp relies primarily upon *Topline Equip., Inc. v. Stan Witty Land, Inc.*, 31 Wn. App. 86, 639 P.2d 825, *review denied*, 97 Wn.2d 1015 (1982). In *Topline*, a corporate debtor raised the defense of usury in an action by a lender to collect delinquent loan payments. The trial court declined to allow the jury to consider the defense. Despite this refusal, however, the corporate debtor prevailed at trial on other grounds.

Subsequently, the lender appealed and the corporate debtor cross-appealed, claiming that under RCW 19.52.030 it was permitted to recover additional relief in the form of penalties. Citing the proviso to RCW 19.52.030(1), the Court of Appeals concluded the corporate debtor was not entitled to penalties because the interest rate on the loan did not exceed the maximum rate permitted by RCW 19.52.020, as required by the proviso.

The *Topline* decision fails to lend any support to Filtercorp's contention that the proviso to RCW 19.52.030(1) carves out an exception to the prohibition of RCW 19.52.080. In *Topline*, the proviso to RCW 19.52.030(1) was not invoked by the Court of Appeals to justify its refusal to allow the corporate debtor to raise usury as a defense. Rather, the Court of Appeals invoked the proviso as a

basis for denying the debtor penalties that he sought pursuant to RCW 19.52.030(1).

■ RCW 19.52.080 prohibits either a natural person or a corporate debtor who has borrowed money for a business purpose from maintaining a usury action. If RCW 19.52.080 and the proviso to RCW 19.52.030(1) interacted, the proviso to RCW 19.52.030(1) would serve to negate the prohibition of RCW 19.52.080 with respect to corporate debtors, but not with respect to natural persons. Consequently, a corporation whose business loan is guaranteed by a natural person would be permitted to bring a usury action, but a natural person who borrowed money for a business purpose would be forbidden from doing so. Not only is such a result untenable, but it is also contrary to the intent of the Legislature.

> The evil at which the usury laws are aimed. . .is oppression of the borrower "who by adversity and necessity of economic life [is] driven to borrow money at any cost." *Baske* [*v. Russell*, 67 Wn.2d 268, 273, 407 P.2d 434 (1965)]. One who incurs a debt "primarily for agricultural, commercial, investment, or business purposes", RCW 19.52.080, is not subject to such oppression, as he does not borrow out of "adversity and necessity of economic life".

*Brown v. Giger*, 111 Wn.2d 76, 80-81, 757 P.2d 523 (1988). Therefore, in enacting the usury laws the Legislature's objective was to protect vulnerable borrowers from oppression. However, the enactment of RCW 19.52.080 represents a calculated legislative decision not to afford the protection of the usury laws to either a corporation or a natural person who borrows money for business purposes. In effect, this court would be overruling that legislative decision if it were to hold that a corporate debtor who has borrowed funds for a business purpose is permitted to maintain a usury action. This court will not commit such an act of sedition.

The opinion of the Court of Appeals in *Pacesetter Real Estate, Inc. v. Fasules*, 53 Wn. App. 463, 767 P.2d 961 (1989) also provides support for the conclusion that the

proviso to RCW 19.52.030(1) does not carve out an exception to the blanket prohibition of RCW 19.52.080. In *Fasules*, a closely held corporation borrowed money from an individual to finance the completion of a building. Two shareholders of the corporation personally guaranteed the loan. After the loan became delinquent, the lender notified the corporation that he intended to foreclose on the loan. Subsequently, the corporation filed an action, *inter alia*, to have the interest rate on the loan declared usurious. The trial court found the interest rate to be usurious.

The lender appealed, asserting that under RCW 19.52.080 neither a usury defense nor action could be maintained because the loan was for a business purpose. The Court of Appeals subscribed to this proposition and reversed the trial court. In rendering its decision, the appellate court expressly noted that the debt incurred by the corporation was guaranteed by two natural persons. Had the court believed that the proviso to RCW 19.52.030(1) creates an exception to the prohibition of RCW 19.52.080, the guaranty would have led it to conclude that the corporate debtor was permitted to bring a usury action.

Given that the proviso to RCW 19.52.030(1) does not create an exception to the blanket prohibition of RCW 19.52.080, the question arises as to which of the two contradictory provisions is controlling when a corporate debtor takes a business loan that is guaranteed by a natural person. The chronology of the enactment of the two statutes is clear evidence that the Legislature intended for RCW 19.52.080 to trump the proviso to RCW 19.52.030(1). RCW 19.52.080 was enacted in 1969, two years after RCW 19.52.030. Therefore, when a corporate debtor borrows funds for a business purpose, RCW 19.52.080 applies regardless of whether the loan is guaranteed by a natural person.

[I]f a statute is unambiguous, its meaning must be derived from its actual language. "If the language is not ambiguous, there is no need for judicial interpretation. Words are given

the meaning provided by the statute or, in the absence of specific definition, their ordinary meaning."

(Citation omitted; footnote omitted.) *State v. Smith*, 117 Wn.2d 263, 270-71, 814 P.2d 652 (1991) (quoting *State v. Standifer*, 110 Wn.2d 90, 92, 750 P.2d 258 (1988)). RCW 19.52.080 is clear and unambiguous. It deprives a corporate debtor of the right to either maintain a usury action or invoke the defense of usury, if it borrowed money for a business purpose. It is undisputed that Filtercorp is a corporation that borrowed funds from Paulman for a business purpose: to pay its accounts payable. Therefore, in accordance with RCW 19.52.080, Filtercorp cannot raise the defense of usury in a collection action brought by Paulman. It is inconsequential that two natural persons, Bernard and Gardner, were guarantors on the loan.

## II

In its order granting Filtercorp's summary judgment motion, the trial court awarded Filtercorp reasonable costs and attorney fees pursuant to RCW 19.52.030(1). However, this attorney fees and costs award was reversed by the Court of Appeals along with its reversal of the summary judgment order.

Furthermore, the Court of Appeals also awarded fees and costs incurred both at trial and on appeal to Paulman. It did so based upon a clause contained in the promissory note which states that the "[m]aker of this note agrees to pay all costs of collection". Filtercorp contests this award and contends that it is entitled to attorney fees and costs incurred at trial and on appeal to both the Court of Appeals and the Supreme Court.

■ The "costs of collection" clause in the note clearly indicates that the maker of the note must pay all costs of collection. Such costs presumably include attorney fees and court costs. Filtercorp is indisputably the maker of the note. Accordingly, Paulman is entitled to recover the fees and costs that he incurred at all levels, including

trial, appeal to the Court of Appeals, and review by the Supreme Court.

Affirmed.

DURHAM, C.J., SMITH, GUY, and MADSEN, JJ., and UT-TER, J. Pro Tem., concur.

TALMADGE, J. (concurring) — While I concur with the majority's analysis of the issues in this case, I write separately to emphasize that the Legislature must address the issue of usurious interest rates for small businesses.

The majority is plainly correct that the Legislature, over the period from 1969 to 1981, has eliminated any usury defense for loans to business entities or individuals for agricultural, commercial, investment, or business purposes, regardless of the size of the loan. RCW 19.52.080.[2] *See also Brown v. Giger*, 111 Wn.2d 76, 80, 757 P.2d 523 (1988).

Filtercorp here does not assert a valid rationale by which this court can limit the application of RCW 19.52.080. There is no question but that this loan was for a business or commercial purpose. RCW 19.52.030 does not create an effective exemption to the policy of RCW 19.52.080. This court is obliged to apply the law the Legislature has written.

Nevertheless, this case illustrates with unusual clarity the reasons the Legislature should reexamine whether the complete elimination of the usury defense for business or commercial loans is just. The loan agreement in this case involved a nominal 60 percent annual rate of interest, in

---

[2]In 1969, the Legislature enacted the first version of RCW 19.52.080. It barred the usury defense for loans over $100,000 to business entities making loans or developing real estate. In 1970, usury protection was eliminated for loans over $100,000 to any natural persons in such businesses. In 1975, the Legislature eliminated usury protection for loans over $50,000 to any business entity for commercial or business purposes. In 1981, the Legislature eliminated usury protection for a loan of *any* amount to any listed business entity or natural person primarily for agricultural, commercial, investment or business purposes. *See* Laws of 1969, 1st Ex. Sess., ch. 142, § 1; Laws of 1970, 1st Ex. Sess., ch. 97, § 2; Laws of 1975, 1st Ex. Sess., ch. 180, § 1; Laws of 1981, ch. 78, § 2.

addition to $35,000 of loan and consulting "fees". In days of yore, a 60 percent rate of interest plus "consulting fees" and "loan fees" would have made a loan shark proud.[3] Indeed, at one point, the creditor charged $27,000 for a two-week extension on the loan. Majority, at 389.

The majority notes that the purpose of the usury defense is to ameliorate the "oppression of the borrower 'who by adversity and necessity of economic life [is] driven to borrow money at any cost' ". Majority, at 392 (quoting *Brown v. Giger*, 111 Wn.2d 76, 757 P.2d 523 (1988) (quoting *Baske v. Russell*, 67 Wn.2d 268, 273, 407 P.2d 434 (1965))). The *Brown* court asserted that a person who borrows for an agricultural, commercial, or business purpose "is not subject to such oppression, as he does not borrow out of 'adversity and necessity of economic life' ". *Brown*, at 81. The *Brown* court's conception of the marketplace for many businesses is out of touch with reality.

Just as individuals are driven by economic necessity to secure credit at any cost, many small businesses and farmers are driven to seek credit by the same economic imperative. Small enterprises whose need or unequal bargaining position forces them to secure credit at usurious rates of interest or with excessive fees should be protected by our usury laws. As the law now stands, there appears to be no upper limit on the rates or "fees" that can be charged for agricultural, business, or commercial loans. I concur in the majority's analysis of RCW 19.52.030 and RCW 19.52.080 in this case, but the Legislature should address the obvious injustice of circumstances like those present here, and enact an appropriate usury defense statute for small commercial and agricultural enterprises.

ALEXANDER, J. (dissenting) — I respectfully dissent. I do

---

[3]The actual return to the lender here for the third note was substantial. (The loan sued upon involved $175,000 in principal and approximately $35,000 in "fees"; interest on the $210,000 face amount was five percent per month for a term of three months.) Majority, at 389. Thus, the lender stood to earn $66,500 in fees and interest in three months.

so because I am satisfied, as was the trial court, that Filtercorp is permitted by statute to assert a usury defense in its answer to Paulman's action to enforce the loan agreement with which we are here concerned. This conclusion is compelled, I believe, by these uncontested facts: (1) the loan from Paulman was to Filtercorp, a corporation, and was for a business purpose; (2) the loan agreement created liability on the part of natural persons; and (3) the interest rate called for in the loan agreement exceeded the rate permitted by RCW 19.52.020, the statute which establishes the highest permissible rate of interest. That being the case, Filtercorp was justified in invoking the proviso to RCW 19.52.030(1) as a defense to Paulman's effort to obtain interest that was higher than that permitted by law, and as a means of obtaining statutory penalties.

Although the majority acknowledges the existence of the provisions of RCW 19.52.030(1), it concludes that the usury defense is not available to Filtercorp. It reaches that determination by holding that the Legislature expressed its intention to "trump" the proviso to RCW 19.52.030(1) when it enacted RCW 19.52.080, a statute that provides that profit corporations, as well as other entities, "may not plead the defense of usury nor maintain any action thereon or therefor if the transaction was primarily for . . . business purposes". Although the latter statute seemingly contradicts the proviso to RCW 19.52.030(1), I cannot agree with the majority's conclusion that the Legislature intended to essentially repeal the proviso to RCW 19.52.030(1) when it enacted RCW 19.52.080. The Legislature certainly did not expressly state such an intention. Furthermore, we are obliged to indulge the presumption that the Legislature "enact[s] laws with full knowledge of existing laws". *Thurston County v. Gorton*, 85 Wn.2d 133, 138, 530 P.2d 309 (1975); *see also In re Marriage of Little*, 96 Wn.2d 183, 189, 634 P.2d 498 (1981).

The majority decision runs contrary to the principle that the Legislature is presumed to not repeal prior laws

by implication. 1A Norman J. Singer, *Statutory Construction* § 23.10, at 353-54 (5th ed. 1992). Indeed, in *Tollycraft Yachts Corp. v. McCoy*, 122 Wn.2d 426, 439, 858 P.2d 503 (1993), this court stated "[t]he implicit repeal of statutes is strongly disfavored. Where, as here, an amendment may be harmonized with the existing provisions and purposes of a statutory scheme, there is no implicit repeal". (Citations omitted.) In addition, "no part of a statute should be deemed inoperative or superfluous unless it is the result of obvious mistake or error. This requires that every word, clause, and sentence of a statute be given effect, if possible". (Citations omitted.) Klein v. Pyrodyne Corp., 117 Wn.2d 1, 13, 810 P.2d 917, *amended* 817 P.2d 1359 (1991).

In my judgment, these statutes, although to a great extent overlapping, may be read together to achieve a " 'harmonious total statutory scheme . . . which maintains the integrity of the respective statutes.' " *See Employco Personnel Servs., Inc. v. Seattle*, 117 Wn.2d 606, 614, 817 P.2d 1373 (1991) (quoting *State v. O'Neill*, 103 Wn.2d 853, 862, 700 P.2d 711 (1985)). A combined reading of them makes it apparent that the statutes can be blended so as to define a narrow type of business loan transaction that is afforded protection by the usury statute. Under this harmonious reading, the proviso to RCW 19.52.030(1) is an exception to the general rule, established by RCW 19.52.080, that a claim or defense of usury is generally unavailable to a party to a business loan. This exception allows a party to a business loan that creates liability on the part of a natural person to assert a usury defense and to seek the remedies specified in the main body of RCW 19.52.030(1). This is a transaction to which the proviso applies.

Unfortunately, the majority accords the proviso to RCW 19.52.030(1) absolutely no meaning, which is tantamount to destroying the integrity of the entire section of the statute. It does this by concluding that the Legislature's intent in enacting RCW 19.52.080 was "clear and unambiguous" and that it would be an "act of sedition" to give life to the words the Legislature used in RCW 19.52.030(1). Majority,

at 394, 392. As noted above, it is not at all clear that the Legislature intended to repeal part of RCW 19.52.030(1) when it enacted RCW 19.52.080. It seems to me, therefore, that it is more defiant of legislative prerogatives to blithely ignore a statute that has not been expressly repealed. I must confess that there is some merit to the majority's observation that it makes little sense to have a legislative scheme which allows a corporate debtor to raise the usury defense when the corporate debt is guaranteed by a natural person, but does not permit a natural person who borrowed money for a business purpose to raise the defense. Nevertheless, it cannot be said that a blending of the statutes creates an absurd result. *Pasco v. Napier*, 109 Wn.2d 769, 773, 755 P.2d 170 (1988) ("a statute is to be interpreted so as to give effect to its purpose while avoiding absurd or pointless consequences"). This court, therefore, should resist the temptation to act legislatively, and thereby make policy decisions that are properly left to the Legislature.

The majority suggests that Filtercorp relies too heavily on *Topline Equip., Inc. v. Stan Witty Land, Inc.*, 31 Wn. App. 86, 639 P.2d 825, *review denied*, 97 Wn.2d 1015 (1982). It discounts *Topline*, indicating that it fails to support Filtercorp's position because, in that case, the Court of Appeals invoked RCW 19.52.030(1) as a basis for denying the debtor penalties, and not as a basis for allowing the debtor to raise a usury defense. While the majority is technically correct, it is worth noting that in *Topline* the Court of Appeals did direct its attention to RCW 19.52.030(1) and indicated indirectly, if not directly, that the usury defense was available in situations where there was a loan to a corporation for business purposes, the loan transaction created liability on the part of a natural person, and the interest rate charged exceeded the applicable statutory maximum.

We, of course, are not obliged to follow the *Topline* decision, even if the portion of the holding that Filtercorp highlights is not dicta. We are obliged, though, to follow

statutes passed by the Legislature. It seems obvious to me, as it must have to the *Topline* court, that the language of RCW 19.52.030(1) is clear, has not been repealed, and can be read in harmony with RCW 19.52.080. In short, it provides a defense to Filtercorp, and the Court of Appeals incorrectly concluded otherwise in this case.

This is a case where the amount of interest charged not only is usurious, it is outrageous. The writer of the concurring opinion described the transaction as one that would "make a loan shark proud". Concurrence, at 399. I am tempted to add my own characterization of the transaction, but I think it is unnecessary for me to do so. The facts speak for themselves. The agreement in question provided that Paulman could extract interest of five percent per month. That translates to 60 percent per annum, and it was in addition to substantial loan and consulting fees.[1] One could argue that this transaction is so outrageous as to be unconscionable and against public policy. We needn't address those issues because they have not been presented, and it is unnecessary to do so because, for reasons stated above, Filtercorp should have been able to maintain the usury defense. In my opinion, the Court of Appeals erred in reversing the trial court's decision that allowed Filtercorp to raise the usury defense.

JOHNSON, J., concurs with ALEXANDER, J.

---

[1] *Aetna Fin. Co. v. Darwin*, 38 Wn. App. 921, 926, 691 P.2d 581 (1984) (set up charge on loan for more than $500 is interest), *review denied*, 103 Wn.2d 1019 (1985).