220 P.3d 1235 (2009)
153 Wash.App. 107
Kasey MACKEY, Appellant,
v.
Kenneth MAURER, Respondent,
Deena Horton, Defendant.
No. 27846-8-III.
Court of Appeals of Washington, Division 3.
November 12, 2009.
George Fearing, Attorney at Law Kennewick, WA, for Appellant.
Kenneth Maurer, Kennewick, WA, pro se.
KULIK, A.C.J.
¶ 1 Kasey Mackey appeals the trial court's dismissal of his statutory usury action as time barred under RCW 19.52.032's six-month statute of limitations. Mr. Mackey contends that his lawsuit was not a declaratory judgment action and, therefore, the statute's limitation period did not apply.
¶ 2 We conclude that the prescribed remedy, a declaratory judgment under RCW 19.52.032, is the exclusive method for allowing a plaintiff-debtor to apply the statutory usury penalties. Therefore, we hold that Mr. Mackey's affirmative action seeking to establish usury and to apply RCW 19.52.030's penalties was necessarily an action under RCW 19.52.032, and RCW 19.52.032's statute of limitations barred Mr. Mackey's statutory usury action.
¶ 3 Accordingly, we affirm the trial court's dismissal of the action.

FACTS
¶ 4 On January 4, 2006, Kenneth Maurer loaned Kasey Mackey $4,500, which Mr. Mackey agreed to repay within 30 days. Mr. Mackey agreed to pay $500 in interest. Mr. Mackey also owed Mr. Maurer's brother, Dale, approximately $400. Mr. Mackey agreed to repay the debt for a total of $5,500 and to sign a quit claim deed to his home in favor of Mr. Maurer.
¶ 5 On February 1, 2006, Mr. Mackey gave Mr. Maurer $5,000. Mr. Mackey paid the principal amount of the loan, plus one-half of the contracted interest. Mr. Mackey agreed to pay Mr. Maurer the remaining $500 on February 4, 2006.
¶ 6 Mr. Mackey failed to pay Mr. Maurer the remaining $500 and Mr. Maurer attempted to evict Mr. Mackey from his home for failure to pay the additional $500. Mr. Mackey filed an action against Mr. Maurer seeking to quiet title in Mr. Mackey's name and alleging statutory and common law usury and a violation of chapter 19.86 RCW, the Washington Consumer Protection Act (CPA). Before trial, Mr. Maurer conveyed the disputed property back to Mr. Mackey.
¶ 7 At trial, the court concluded that RCW 19.52.032's six-month statute of limitations *1236 barred Mr. Mackey's statutory usury claim. The trial court also concluded that Mr. Mackey had proven common law usury by Mr. Maurer. Finally, the trial court denied Mr. Mackey's request for treble damages under RCW 19.86.090, given its finding that Mr. Mackey's statutory usury action was time barred. This appeal followed.

ANALYSIS

I. STATUTE OF LIMITATIONS
¶ 8 This court reviews questions of statutory interpretation de novo. State v. Jacobs, 154 Wash.2d 596, 600, 115 P.3d 281 (2005). When interpreting a statute, we seek to ascertain the legislature's intent. Id. "`[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'" Id. (quoting Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wash.2d 1, 9-10, 43 P.3d 4 (2002)). We determine the plain meaning of a statutory provision from the ordinary meaning of its language, as well as the general context of the statute, related provisions, and the statutory scheme as a whole. Id.
¶ 9 Whenever possible, multiple statutes must be read in harmony and effect given to each. Livingston v. Cedeno, 164 Wash.2d 46, 52, 186 P.3d 1055 (2008). "Context is particularly important when harmonizing two statutes where one references the other." Rivas v. Overlake Hosp. Med. Ctr., 164 Wash.2d 261, 267, 189 P.3d 753 (2008). This court must read the referred statute in context of the referring statute. Id. We also interpret statutes to give effect to all language in the statute and to render no portion meaningless or superfluous. State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003) (quoting Davis v. Dep't of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999)). And we avoid a reading that produces absurd results. Id. (quoting State v. Delgado, 148 Wash.2d 723, 733, 63 P.3d 792 (2003)).
¶ 10 RCW 19.52.030(1) provides:
If a greater rate of interest than is allowed by statute shall be contracted for or received... the contract shall be usurious, but shall not, therefore, be void. If in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken ... and if interest shall have been paid, the creditor shall only be entitled to the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; and the debtor shall be entitled to costs and reasonable attorneys' fees plus the amount by which the amount the debtor has paid under the contract exceeds the amount to which the creditor is entitled.
(Emphasis added.) RCW 19.52.032 provides:
The debtor ... may bring an action for declaratory judgment to establish whether a loan or forbearance contract is or was usurious, and such an action shall be considered an action on the contract for the purposes of applying the provisions of RCW 19.52.030.
¶ 11 Mr. Mackey contends his statutory usury action was an action "on such contract" under RCW 19.52.030, to which RCW 19.52.032's six-month statute of limitations does not apply. However, this court must read RCW 19.52.030 within the context of its referring statute, RCW 19.52.032. Rivas, 164 Wash.2d at 267, 189 P.3d 753. The plain language of RCW 19.52.030 and RCW 19.52.032, when harmonized, indicates that the legislature intended to create an affirmative remedy for statutory usury only under RCW 19.52.032.
¶ 12 Our Supreme Court observed that, as of 1963, "buyers had no right to sue for penalties under the state's usury statutes." Cazzanigi v. Gen. Elec. Credit Corp., 132 Wash.2d 433, 447, 938 P.2d 819 (1997). RCW 19.52.032, enacted in 1967, includes a declaratory judgment action as an "action on the contract," thus providing an affirmative remedy for debtors to apply the coercive penalties of RCW 19.52.030 against a usurious creditor.[1] Laws of 1967, Ex. Sess., ch. 23, *1237 § 6. This accords with the Supreme Court's observation
[t]hat the combining of declaratory and coercive relief is proper and even common.... This merely carries out the principle that every court has the inherent power to enforce its decrees and to make such orders as may be necessary to render them effective. This principle is also codified in RCW 7.24.080.[[2]]
Ronken v. Bd. of County Comm'rs of Snohomish County, 89 Wash.2d 304, 311-12, 572 P.2d 1 (1977). RCW 19.52.032 also provides "[s]uch an action shall be brought ... if the loan or debt has been fully repaid, by the debtor against the creditor to whom the debtor was last indebted on the contract." The statute provides an affirmative remedy for plaintiff-debtors, such as Mr. Mackey, who have already fully repaid a usurious loan and seek to apply the coercive statutory penalties against the creditor.
¶ 13 RCW 19.52.032 further provides that "[n]o such an action shall be commenced after six months following the date the final payment becomes due, whether by acceleration or otherwise, nor after six months following the date the principal is fully paid, whichever first occurs." Mr. Mackey filed his suit well beyond the six-month statute of limitations. Mr. Mackey argues that this court should interpret RCW 19.52.030 as providing an affirmative remedy allowing plaintiff-debtors to apply the coercive penalties of that statute to usurious creditors. Mr. Mackey, however, fails to argue what the statute of limitations on this remedy would be. If this court adopted Mr. Mackey's interpretation, it would provide plaintiff-debtors the option of either seeking application of the statutory penalties subject to RCW 19.52.032's statute of limitations or seeking application of these same penalties subject to no statute of limitations at all. Such an interpretation renders RCW 19.52.032's language superfluous with respect to plaintiff-debtors. Plaintiff-debtors likely would never risk running afoul of RCW 19.52.032's statute of limitations if they could request application of the statutory usury penalties for an unlimited time period under another statute. This court cannot presume the legislature intended such an absurd result. Accordingly, we hold: (1) A plaintiff-debtor may seek application of RCW 19.52.030's penalties only by an action under RCW 19.52.032, and (2) RCW 19.52.032's statute of limitations barred Mr. Mackey's statutory usury claim.

II. CONSUMER PROTECTION ACT
¶ 14 RCW 19.52.036 provides that "[e]ntering into or transacting a usurious contract is hereby declared to be an unfair act or practice in the conduct of commerce for the purpose of the application of the consumer protection act found in chapter 19.86 RCW." RCW 19.86.090 provided that an injured person may recover treble damages.
¶ 15 To establish a violation of the CPA, a plaintiff must prove five elements: (1) an unfair or deceptive act or practice that (2) occurs in trade or commerce, (3) impacts the public interest, (4) and causes injury to the plaintiff in his or her business or property, and (5) the injury is causally linked to the unfair or deceptive act. Michael v. Mosquera-Lacy, 165 Wash.2d 595, 602, 200 P.3d 695 (2009). A plaintiff alleging injury under the CPA must establish all five elements. Id.
¶ 16 Here, the trial court concluded that Mr. Mackey had proved common law usury, but denied Mr. Mackey damages under RCW 19.86.090 because his statutory usury claim was time barred. But RCW 19.52.036 only states that "[e]ntering into or transacting a usurious contract" constitutes an unfair or deceptive act or practice occurring in trade or commerce. It does not differentiate between establishing a usurious contract's existence by a common law claim or a statutory usury claim. Furthermore, the CPA *1238 contains its own statute of limitations for claims. RCW 19.86.120. Therefore, the trial court erred by denying Mr. Mackey's request for treble damages based on RCW 19.52.032's statute of limitations.
¶ 17 However, in Cuevas v. Montoya, 48 Wash.App. 871, 877-78, 740 P.2d 858 (1987), this court stated that when the plaintiff demonstrates usury, the plaintiff need not establish the first two elements of a private CPA claim. But a plaintiff still must prove the last three elements of a private CPA claim. Id. at 878, 740 P.2d 858. Mr. Mackey established usury and, therefore, the first two elements of a CPA claim. But Mr. Mackey presents no argument for the existence of the other three elements. This court does not review issues inadequately briefed or mentioned in passing. State v. Thomas, 150 Wash.2d 821, 868-69, 83 P.3d 970 (2004). Therefore, we affirm the trial court's denial of Mr. Mackey's request for damages and reasonable attorney fees under RCW 19.86.090.
¶ 18 Mr. Mackey requests attorney fees on appeal under RCW 19.52.030 and RCW 19.86.090. RCW 19.52.032's statute of limitations barred his statutory usury claim and Mr. Mackey failed to establish his CPA claim. Therefore, we deny his request for attorney fees on appeal.
¶ 19 We affirm the trial court's dismissal and deny Mr. Mackey's request for attorney fees on appeal.
WE CONCUR: SWEENEY and KORSMO, JJ.
NOTES
[1] Mr. Mackey argues that RCW 19.52.030(1)'s proviso that "[a] debtor may not commence an action on the contract to apply the provisions of this section if a loan or forbearance is made to a corporation" confirms that a plaintiff-debtor may file a suit "on such contract" under RCW 19.52.030(1). However, the legislature enacted RCW 19.52.030 the same year, 1967, as RCW 19.52.032. Paulman v. Filtercorp, Inc., 127 Wash.2d 387, 390, 899 P.2d 1259 (1995). Harmonizing the statutes with this language, the legislature intended to address actions "on the contract" under RCW 19.52.032's newly-created affirmative remedy.
[2] RCW 7.24.080 provides:

Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. When the application is deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.