IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MARIA MOLINA, | ) | |
| | ) | No. 40406-4-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR & | ) | UNPUBLISHED OPINION |
| INDUSTRIES, WASHINGTON STATE, | ) | |
| | ) | |
| Respondent. | ) | |

COONEY, J. — Maria Molina was injured while working as a caregiver and sought workers' compensation benefits through the Department of Labor and Industries (Department). The Department concluded that the workplace injury to Ms. Molina's right knee did not aggravate a preexisting condition and closed her claim. Ms. Molina appealed to the Board of Industrial Insurance Appeals (Board); the Board affirmed the Department. Ms. Molina appealed to the superior court; the superior court affirmed the Board.

Ms. Molina appeals. Because substantial evidence supports the superior court's findings, we affirm.

BACKGROUND

On September 21, 2018, while employed as a caregiver with ALTSA Aging and Long Term Support Administration, Ms. Molina assisted a client in disembarking a bus. As Ms. Molina lowered the client from the bus to the ground, she felt a "popping" and "cracking" in her lower back, hip, and both knees. Clerk's Papers (CP) at 118. Ms. Molina felt as though she may faint from the pain.

Ms. Molina filed for workers' compensation benefits through the Department. Although the Department originally allowed Ms. Molina's claim, it later closed her claim because the Department found medical treatment "was no longer necessary," and there was "no permanent partial disability." CP at 82. Specifically, the Department found Ms. Molina's her right knee osteoarthritis "wasn't caused or aggravated by the industrial injury or occupational disease for which the claim was filed." CP at 87.

Ms. Molina appealed the Department's order. At an evidentiary hearing before an industrial appeals judge, testimony was presented by orthopedic and sports medicine specialist, Judd Fitzgerald, M.D.; orthopedic surgeon, Aleksandar Curcin, M.D.; Ms. Molina; Ulmer Gutierrez; and Modesta Camorlinga.[1] Ms. Molina testified that she

---

[1] The testimony of Dr. Fitzgerald and Dr. Curcin was presented via perpetuated

underwent surgery on her right knee "for the meniscus"[2] in 1981. CP at 117. Ms. Molina further testified that she sought treatment for the right knee due to pain in 2012.

Dr. Fitzgerald testified that (1) he had two appointments with Ms. Molina related to her right knee; (2) x-rays taken in 2018, after the industrial injury, revealed Ms. Molina's arthritis had worsened since 2012; (3) the x-rays showed tricompartmental arthritis with near complete loss of space between the femur and tibia and two large bone spurs; and (4) a 2018 MRI showed degenerative arthritis.

Dr. Fitzgerald opined that Ms. Molina had "near end-stage tricompartmental osteoarthritis" in 2012. CP at 144. It was Dr. Fitzgerald's opinion that Ms. Molina would have been a candidate for total knee replacement in 2012, except for her young age at that time. Dr. Fitzgerald further opined that the 2018 injury aggravated Ms. Molina's preexisting arthritis symptoms, testifying, "She clearly had arthritis before that that would have been amenable to a knee replacement, but this aggravated those symptoms." CP at 141. Dr. Fitzgerald discussed conservative treatments with Ms. Molina, but ultimately opined that a total knee replacement was a reasonable course of treatment.

Dr. Curcin testified he conducted an independent medical examination (IME) of Ms. Molina in early 2019. Dr. Curcin opined that the 2018 workplace injury "is not

---

deposition.

[2] Medical records pertaining to this surgery were unavailable.

again something that would have caused or aggravated [Ms. Molina's] knee condition" and diagnosed Ms. Molina with "a right knee strain." CP at 165, 186. It was Dr. Curcin's opinion that the 2018 MRI findings likely would have existed before the industrial injury because it showed "very severe advanced arthritic disease that would have developed over the years, not over the course of a couple of weeks." CP at 193. Dr. Curcin testified the MRI revealed severe degenerative changes in her right knee. Dr. Curcin also noted that Ms. Molina's knee condition would "progressively continue to worsen" after her 2012 x-rays showed tricompartmental osteoarthritis. CP at 168.

At the conclusion of the evidentiary hearing, the industrial appeals judge issued a "Proposed Decision and Order" affirming the Department's order. CP at 25-33. Ms. Molina filed a petition for review of the Proposed Decision and Order to the Board. The Board denied Ms. Molina's petition and adopted the Proposed Decision and Order. In part, the Board found:

> 3. Maria Molina's condition diagnosed as right knee osteoarthritis was not caused or aggravated by the September 21, 2018 industrial injury.
>
> 4. As of February 20, 2020, Maria Molina's conditions proximately caused by the September 21, 2018 industrial injury were fixed and stable, and did not need further proper and necessary medical treatment.

CP at 32. Based on these findings, the Board concluded, in part:

> 2. Maria Molina's conditions proximately caused by the September 21, 2018, industrial injury were fixed and stable as of February 20, 2020, and she is not entitled to further medical treatment.
>
> . . . .

4

6. The Department order dated February 18, 2020, in which the Department denied responsibility for the condition diagnosed as right-knee osteoarthritis from the claim, is correct, and is affirmed.

CP at 32-33.

Ms. Molina appealed the Board's decision to the superior court. The court ultimately adopted the Board's findings of fact 3 and 4 and affirmed the Board's decision to segregate and deny treatment for Ms. Molina's right knee osteoarthritis.

Ms. Molina timely appeals.

ANALYSIS

On appeal, Ms. Molina asserts the trial court's findings of fact 3 and 4 are not supported by substantial evidence.[3] We disagree.

"Our review of the superior court decision is governed by RCW 51.52.140." *Hendrickson v. Dep't of Labor & Indus.*, 2 Wn. App. 2d 343, 351, 409 P.3d 1162 (2018). "RCW 51.52.140 states that an '[a]ppeal shall lie from the judgment of the superior court as in other civil cases.'" *Id.*

"[W]e review only 'whether substantial evidence supports the trial court's factual findings and then review, de novo, whether the trial court's conclusions of law flow from

_____

[3] Ms. Molina also assigns error to finding of fact 5 that states, "Maria Molina was able to perform and obtain gainful employment on a reasonably continuous basis from November 15, 2019, through December 11, 2019." CP at 32; Br. of Appellant at 6. However, Ms. Molina fails to provide any argument or analysis in support of her contention. "This court does not review issues inadequately briefed or mentioned only in passing." *Mackey v. Maurer*, 153 Wn. App. 107, 114, 220 P.3d 1235 (2009).

the findings.'" *Id.* (quoting *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355 (2009)). "'Substantial evidence' is evidence 'sufficient to persuade a rational, fair-minded person that the finding is true.'" *Id.* (citing *Cantu v. Dep't of Labor & Indus.*, 168 Wn. App. 14, 21, 277 P.3d 685 (2012)).

"We do not substitute our 'judgment for that of the trial court,' 'weigh the evidence or the credibility of witnesses,' or apply a new burden of persuasion." *Id.* at 352 (quoting *Davis v. Dep't of Labor & Indus.*, 94 Wn.2d 119, 124, 615 P.2d 1279 (1980)). "We review the record in the light most favorable to the party who prevailed in superior court." *Id.*

FINDING OF FACT 3

Ms. Molina argues that the superior court erred in finding her workplace injury did not aggravate her preexisting osteoarthritis in her right knee. Specifically, Ms. Molina argues her workplace injury "lit up" the preexisting osteoarthritis in her knee. CP at 165. She further alleges Dr. Curcin, whose testimony the court partially relied on, did not understand the mechanism of Ms. Molina's injury.

The Department responds that the lighting up theory does not apply to the facts of this case, and that Ms. Molina is essentially requesting this court improperly reweigh evidence on appeal. We agree with the Department.

On appeal from the Department's decision to segregate Ms. Molina's osteoarthritis and deny treatment, the Board affirmed, finding that Ms. Molina's "right knee

6

osteoarthritis was not caused or aggravated by the [workplace] injury." CP at 32. The superior court adopted this finding and affirmed the Board's decision to segregate and deny treatment.

As an initial matter, Ms. Molina's argument related to finding of fact 3 primarily consists of her disagreement with Dr. Curcin's opinion. She inherently requests this court adopt Dr. Fitzgerald's opinion over Dr. Curcin's. This court reviews the superior court's findings to determine whether they are supported by substantial evidence, but does not reweigh the evidence. *Davis*, 94 Wn.2d at 124. Here, the superior court's finding that Ms. Molina's right knee osteoarthritis was not aggravated by her 2018 workplace injury is supported by substantial evidence, namely, the testimony of Dr. Curcin.

Turning to the merits, an injured worker "must establish a causal connection between the work injury and the subsequent physical condition" to receive benefits for a preexisting condition. *Zavala v. Twin City Foods*, 185 Wn. App. 838, 861, 343 P.3d 761 (2015). Causation must be proved through medical testimony establishing "that it is 'more probable than not that the industrial injury caused the subsequent disability.'" *Loushin v. ITT Rayonier*, 84 Wn. App. 113, 122, 924 P.2d 953 (1996) (quoting *Zipp v. Seattle Sch. Dist. No. 1*, 36 Wn. App 598, 601, 676 P.2d 538 (1984)). The claimed subsequent disability cannot be the result of the "ordinary progression of a disease from

7

which he suffered independently of the injury." *Nagel v. Dep't of Labor & Indus.*, 189 Wash. 631, 637, 66 P.2d 318 (1937).

The superior court's finding that Ms. Molina's workplace injury did not aggravate her osteoarthritis is supported by substantial evidence. The court relied on medical testimony from Dr. Fitzgerald and Dr. Curcin. Dr. Fitzgerald testified that Ms. Molina had "end-stage tricompartmental osteoarthrosis" in her right knee in 2012. CP at 168. He further testified that Ms. Molina would have qualified for a total knee replacement in 2012 were it not for her young age. However, Dr. Fitzgerald opined that the workplace injury aggravated Ms. Molina's preexisting arthritis symptoms because she complained of increased pain after the injury.

Dr. Curcin opined that Ms. Molina's condition progressively worsened since 2012. He testified that the 2018 MRI showed "severe advanced arthritic disease that would have developed over the years, not … a couple of weeks." CP at 193. According to Dr. Curcin, Ms. Molina's worsening osteoarthritis was not caused or aggravated by her 2018 workplace injury.

The court seemingly accepted Dr. Curcin's testimony and found Ms. Molina's preexisting condition was not aggravated by her workplace injury. Dr. Curcin's testimony is sufficient to persuade a rational, fair-minded person that the court's finding that the workplace injury did not aggravate Ms. Molina's osteoarthritis is true. Accordingly, finding of fact 3 is supported by substantial evidence. Because the injury

8

was not a proximate cause of Ms. Molina's osteoarthritis, the court's affirmation of the Board's segregation order in conclusion of law 6 is supported by its findings.

FINDING OF FACT 4

Ms. Molina argues that substantial evidence does not support finding of fact 4. Namely, Ms. Molina argues that, contrary to the court's finding, the condition proximately caused by her industrial injury needed further treatment when the Department closed her claim. We disagree.

An injured worker is entitled to medical treatment while they recover from an industrial injury. RCW 51.36.010(2)(a). An injured worker may receive "proper and necessary medical care required for the diagnosis and curative treatment of the *accepted condition*." WAC 296-20-010(9) (emphasis added). However, once an injured worker obtains "maximum medical improvement," the Department is no longer obligated to pay for medical services. WAC 296-20-01002 (defining "[p]roper and necessary" as "[m]aximum medical improvement" or "fixed and stable").

Here, substantial evidence supports the superior court's finding of fact 4. Dr. Curcin testified that it was incomprehensible that Ms. Molina's right knee was asymptomatic before the industrial injury based on imaging from 2012. Referencing the 2012 imaging, Dr. Fitzgerald conceded that osteoarthritis in Ms. Molina's right knee rendered her eligible for a total knee replacement in 2012, but for her youthful age. Consequently, the Department properly segregated Ms. Molina's right knee osteoarthritis.

The testimonies of Dr. Curin and Dr. Fitzgerald provide sufficient evidence to persuade a rational, fair-minded person that Ms. Molina's right knee osteoarthritis is not an accepted condition under her claim. Finding of fact 4 is supported by substantial evidence. Consequently, the court's conclusions that Ms. Molina's industrial injury was fixed and stable as of February 20, 2020, and she is not entitled to further medical treatment, is supported by the court's findings of fact.

ATTORNEY FEES

Ms. Molina requests attorney fees on appeal pursuant to RCW 51.52.130. RCW 51.52.130(1) provides:

> If, on appeal to the superior or appellate court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker . . . a reasonable fee for the services of the worker's . . . attorney shall be fixed by the court.

RCW 51.52.130 "encompasses fees in both the superior and appellate courts when both courts review the matter." *Hi-Way Fuel Co. v. Estate of Allyn*, 128 Wn. App. 351, 363-64, 115 P.3d 1031 (2005).

Because we affirm the superior court, Ms. Molina is not a prevailing party and is not entitled to an award of attorney fees.

Affirmed.

10

No. 40406-4-III

*Molina v. Dep't of Labor*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Staab, J.