[No. 25842–7–I.   Division One.   May 6, 1991.]

KATHLEEN G. MCCLURE, *Appellant,* v. THE
DEPARTMENT OF LABOR AND INDUSTRIES,
*Respondent.*

*George M. Riecan,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *John R. Wasberg, Assistant,* for respondent.

FORREST, J.—Kathleen G. McClure (McClure) appeals from a jury verdict sustaining the order of the Board of Industrial Insurance Appeals finding that she had suffered no aggravation of her psychiatric disability and her claim should not be reopened. The one issue presented is whether the trial court erred in rejecting McClure's proposed instruction:

> An expert's opinion regarding a worker's claim for compensation for psychological injuries may be based solely on the worker's subjective complaints; objective medical findings need not be the basis for any portion of the expert's opinion.
>
> Statements of complaints by the worker made to a physician are called subjective complaints. Findings of disability which can be seen, felt or measured by an examining physician are called objective findings.

Finding no error, we affirm.

In 1973 McClure injured her back during the course of her employment. A workers' compensation claim was filed and allowed by the Department of Labor and Industries (Department). The claim was closed in 1974 allowing medical treatment only.

In 1976 the claim was reopened for aggravation of the condition, additional benefits were paid for psychiatric, as well as physical, disabilities. The claim was closed again in 1980.

In 1984 McClure filed another application to reopen the claim for aggravation. The Department issued an order denying the application. McClure appealed the order to the Board of Industrial Insurance Appeals. The sole issue submitted to the Board was whether McClure's psychiatric condition had worsened. The Board adopted the proposed order of the industrial appeals judge affirming the order of denial. McClure appealed the decision to the superior court. The jury returned a verdict sustaining the Board's order.

The trial court has broad discretion in deciding how instructions will be worded and whether more specific or clarifying instructions are necessary to avoid misleading

the jury.[1] Instructions are sufficient if, read as a whole, they are not misleading, they properly inform the jury of the applicable law, and they allow the parties to argue their theories of the case.[2]

In cases where a worker claims *only* an aggravation of physical disability it is proper to instruct the jury that medical testimony must be at least partially based on objective findings.[3] When a worker claims a psychiatric disability, however, the medical testimony may be based entirely upon subjective findings. *Price v. Department of Labor & Indus.*[4]

In *Price* the court stated that it would be "improper to instruct the jury on the objective–subjective distinction in a case involving psychiatric disability." *Price,* at 529. McClure argues that *Price* should not be read so narrowly as to exclude her proposed instruction. We agree. The language in *Price* was directed to an instruction which required objective findings as a basis for an aggravation of psychiatric disability. This was held to be error. It is clear from the opinion that the court did not mean to foreclose an instruction informing the jury that such objective findings are not necessary in cases of psychiatric disability. Indeed, that was the main issue in the opinion. In light of *Price,* the proposed instruction is correct as an abstract statement of the law.

Although legally correct, the issue before us is whether on this record it was error for the court to refuse to give the instruction. The trial court carefully considered the matter and concluded the instruction was not necessary. We agree. The case was not tried or argued on the basis of any lack of

---

[1]*Gammon v. Clark Equip. Co.,* 104 Wn.2d 613, 617, 707 P.2d 685 (1985).

[2]*Gammon,* 104 Wn.2d at 617.

[3]*See* WPI 155.09.

[4]101 Wn.2d 520, 682 P.2d 307 (1984).

an objective foundation for the psychiatric opinions. The testimony clearly indicated that psychiatric evaluations were primarily subjective and nobody suggested that objective physical findings were necessary. In fact, neither party asserted or denied the necessity of an objective physical finding. On the contrary, the Department's primary contention, and the chief dispute in the expert testimony, centered on the proximate cause of McClure's psychiatric disability. As the Department asserts, the question was primarily for the jury to assess the persuasiveness of the testimony of the psychiatrists on each side.

The court correctly instructed the jury to base its decision upon a comparison of the psychiatric findings and to give special consideration to the testimony of McClure's attending physicians. At most, the proposed instruction may have clarified the evaluation of the testimony, but it was not necessary as a matter of law.[5] McClure was free to argue to the jury that subjective findings were sufficient bases for her claim.

McClure cites to testimony where mention is made of the difference between an objective medical finding and a subjective psychiatric finding. The testimony was not, however, that one was necessary as a basis for the other. In many of the quotes "objective" was used to describe a disinterested witness not personally involved in the outcome of the case. Considering the complete testimony, the references to "objective" did not make the requested instruction necessary.

We hold that based on the trial record it was not error for the court to refuse to give the requested instruction.

---

[5]*See Gammon*, 104 Wn.2d at 617–18.

However, we express no opinion as to whether on a different trial record such an instruction might be appropriate or even necessary.

Affirmed.

GROSSE, C.J., and BAKER, J., concur.