**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DIRK E. CHRISTIANSEN, | No. 56691-5-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF LABOR AND INDUSTRIES, | PUBLISHED OPINION |
| Respondent. | |

GLASGOW, C.J.— The Department of Labor and Industries allowed Dirk E. Christiansen's occupational disease claim for a heart condition under the firefighter presumption in RCW 51.32.185 and eventually closed the claim. Christiansen later sought to reopen his claim when another heart condition arose. The Department denied the application to reopen and Christiansen appealed to the Board of Industrial Insurance Appeals.

In response to the appeal, before the Board took any action, the Department reassumed jurisdiction, reopened Christiansen's claim, and accepted the claim for the new heart condition, resulting in payment of benefits.

Under the attorney fee provision for firefighters, which awards attorney fees when the firefighter has appealed to the Board and "the final decision allows the claim for benefits," Christiansen moved for attorney fees and costs for his counsel's work preparing the appeal documents before the Board. RCW 51.32.185(9)(a). The Board denied the motion and Christiansen appealed to superior court. The superior court concluded on summary judgment that attorney fees were not available under the statute.

No. 56691-5-II

We reverse. The language of the attorney fee provision is ambiguous and we must interpret any ambiguity in favor of the worker. We remand for the Board to order the Department to pay Christiansen's attorney fees and costs for the work performed before the Board, and we award Christiansen attorney fees on appeal in an amount to be determined by a commissioner of this court.

FACTS

I. INITIAL CLAIM

Christiansen, a firefighter, initially made a workers' compensation claim based on a myocardial infarction, or heart attack. RCW 51.32.185(1)(a) establishes a rebuttable presumption that firefighters who develop certain medical conditions have occupational diseases for which they can collect workers' compensation. The statute presumes that heart problems that arise within a certain time after "exposure to smoke, fumes, or toxic substances" or "strenuous physical exertion due to firefighting activities" are occupational diseases that entitle the firefighters to compensation. RCW 51.32.185(1)(a)(ii). The Department accepted Christiansen's claim and eventually closed the file.

II. APPLICATION TO REOPEN CLAIM

In January 2021, Christiansen applied to reopen the claim to add a new condition of atrial fibrillation, or abnormal heart rhythm. The Department denied the application.

Christiansen timely appealed the denial. When the Board informed Christiansen it had received his notice of appeal, it also explained that the Department had "the right to reconsider or change its decision." Admin. Rec. (AR) at 22. If the Department did so, the Board would "return

2

No. 56691-5-II

the case" to the Department. AR at 22. Otherwise, the Board would "issue an order granting or denying" the appeal. AR at 22.

"In response to [the] appeal to the Board," the Department reassumed jurisdiction of Christiansen's claim and stated that it was reconsidering its previous order. AR at 21. The same day, the Board returned the case to the Department, explaining, "Because of [the Department's] decision, the [Board] no longer has jurisdiction and must deny this appeal." AR at 20. The Department then reversed its prior decision, reopened Christiansen's claim, and accepted Christiansen's new condition, allowing payment of benefits.

Christiansen's counsel later contacted the Department requesting attorney fees and costs. He sought approximately $4,600 in fees and costs from drafting and filing the notice of appeal to the Board, as well as for work performed before the Department. RCW 51.32.185(9)(a) provides that when a determination involving the presumption of occupational diseases for firefighters "is appealed to the [Board] and the final decision allows the claim for benefits, the [Board] shall order that all reasonable costs of the appeal, including attorney fees and witness fees, be paid to the firefighter."

The Department forwarded Christiansen's request to the Board. It explained that because Christiansen argued "the fee was earned for work at the Board," not the Department, the Department was "without jurisdiction to make a decision" on the request. AR at 5.

The Board denied the motion for attorney fees. It reasoned that because "Christiansen's claim was reopened without a final order from [the Board] allowing the reopening, he is not entitled to attorney fees or costs under the statute." AR at 1.

3

No. 56691-5-II

### III. SUPERIOR COURT

Christiansen appealed the Board's order to superior court. He then moved for summary judgment on the question of whether he was entitled to attorney fees for the prior proceedings and also sought attorney fees for the appeal to the Board. The Department cross-moved for summary judgment, arguing attorney fees were not authorized by the statute. Both parties argued there were no genuine issues of material fact.

The superior court explained that the "undisputed factual record establishes that . . . [t]here was no final order from the Board or another court in response to Christiansen's appeal of the . . . Department order because the Department reopened the claim after reconsideration." Clerk's Papers (CP) at 78. The superior court granted the Department's motion and denied Christiansen's. Christiansen appeals.

### ANALYSIS

#### I. INTERPRETATION AND APPLICATION OF RCW 51.32.185(9)(A)

RCW 51.32.185(9)(a) provides that a worker will be awarded attorney fees and costs "[w]hen a determination involving the [firefighter] presumption . . . is appealed to the [Board] *and the final decision allows the claim for benefits*." (emphasis added). RCW 51.32.185(9)(b) contains a parallel provision explaining that when a determination involving the firefighter presumption "is appealed to any court and the final decision allows the claim for benefits," the court must order costs and attorney fees to be paid to the firefighter.

Christiansen argues because his application to reopen his claim involved the presumption of occupational diseases for firefighters, the Department's ruling "was appealed to the Board," and "[t]he final decision . . . by the Department . . . allowed Christiansen's claim for benefits," he meets

4

No. 56691-5-II

the statutory criteria for collecting attorney fees in RCW 51.32.185(9)(a).[1] Appellant's Opening Br. at 14. The Department responds that the recovery of attorney fees Christiansen seeks is not available under the plain language of RCW 51.32.185(9)(a) because the Board denied Christiansen's appeal. The denial was required by statute once the Department reassumed jurisdiction. Thus, the Department contends that there was no successful appeal to support an award of attorney fees and costs under RCW 51.32.185(9)(a). We agree with Christiansen and reverse.

A.    Principles of Statutory Interpretation

"On an appeal under the Industrial Insurance Act [(the Act)], Title 51 RCW, our review is limited to the superior court's decision, not the Board's decision." *Masco Corp. v. Suarez*, 7 Wn. App. 2d 342, 346, 433 P3d. 824 (2019). We review conclusions of law and questions of statutory interpretation de novo. *Id*. at 347.

"When interpreting a statute, the court's fundamental objective is to ascertain and give effect to the legislature's intent." *Columbia Riverkeeper v. Port of Vancouver USA*, 188 Wn.2d 421, 435, 395 P.3d 1031 (2017). If a "statute's meaning is plain on its face," then we must give effect to that plain meaning. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). We can derive the plain meaning of a statute from the context of the statute in question and the statutory scheme as a whole, any amendments or related provisions, and "'the general object to be accomplished and consequences that would result from construing the particular statute in one way or another.'" *State v. Evergreen Freedom Found.*, 192 Wn.2d 782,

---

[1] Christiansen's request below included fees for work after the Department reassumed jurisdiction; he now requests only "fees and costs incurred before the Board" as well as the fees and costs of this appeal. Appellant's Opening Br. at 26.

No. 56691-5-II

790, 432 P.3d 805 (2019) (internal quotation marks omitted) (quoting *Burns v. City of Seattle,* 161 Wn.2d 129, 146, 164 P.3d 475 (2007)). If "the statute remains susceptible to more than one reasonable meaning," then it is ambiguous and we may apply other tools of statutory construction. *Campbell & Gwinn*, 146 Wn.2d at 12.

We construe statutes so that "'no clause, sentence[,] or word shall be superfluous, void, or insignificant.'" *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 452, 210 P.3d 297 (2009) (internal quotation marks omitted) (quoting *Kasper v. City of Edmonds*, 69 Wn.2d 799, 804, 420 P.2d 346 (1966)). We will not add or subtract words from a statute "'unless imperatively required to make it a rational statute.'" *State v. Taylor*, 97 Wn.2d 724, 728, 649 P.2d 633 (1982) (quoting *McKay v. Dep't of Lab. & Indus.*, 180 Wash. 191, 194, 39 P.2d 997 (1934)); *see also State v. Stevens County. Dist. Ct. Judge*, 194 Wn.2d 898, 906, 453 P.3d 984 (2019).

The legislature has made it clear that the Act "shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment." RCW 51.12.010. The Supreme Court has applied the liberal construction requirement by explaining that the Act "is remedial in nature" and we must construe any ambiguity "'liberally . . . in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the worker.'" *Spivey v. City of Bellevue*, 187 Wn.2d 716, 726, 389 P.3d 504 (2017) (quoting *Dennis v. Dep't of Lab. & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987)).

In addition, we have acknowledged that an award of attorney fees ensures full compensation for the prevailing worker because it prevents diminution of the award in order to pay fees. *See Johnson v. Dep't of Lab. & Indus.*, 16 Wn. App. 2d 254, 263, 480 P.3d 492 (2021).

6

No. 56691-5-II

The Board's interpretation of the Act is not binding upon courts, but "it is entitled to great deference." *Weyerhaeuser Co. v. Tri*, 117 Wn.2d 128, 138, 814 P.2d 629 (1991).

B.       Attorney Fees for Appeals Under the Act

A Department decision becomes final after 60 days unless the worker moves for reconsideration or appeals to the Board. RCW 51.52.050(1). If the worker appeals to the Board, the Department may, of its own accord, "[m]odify, reverse, or change any order, decision, or award," or temporarily suspend an order, decision, or award while the Department reconsiders. RCW 51.52.060(4)(a), (b)(i). The Department may reconsider a decision "*either* upon a notice of appeal or upon the Department's own initiative." *Tollycraft Yachts Corp. v. McCoy*, 122 Wn.2d 426, 437, 858 P.2d 503 (1993). If the Department reassumes jurisdiction to reconsider its decision, the Board "shall deny the appeal" without prejudice. RCW 51.52.060(4)(b).

"One purpose of the Department's reconsideration authority is to alleviate the harm to workers and employers that may be caused by potential errors in the adjudication of workers' compensation claims." *Tollycraft Yachts*, 122 Wn.2d at 434-35. Another purpose is to ensure the "'proper application and disbursement of the accident fund.'" *Id*. at 435 (quoting *Wiles v. Dep't of Lab. & Indus.,* 34 Wn.2d 714, 720, 209 P.2d 462 (1949)). There is no provision in the Act for awarding a worker attorney fees for work performed before the Department on reconsideration. *See* RCW 51.52.120; RCW 51.32.185.

Generally, if "*on appeal to the board*," the Department's decision "is *reversed or modified and additional relief is granted* to a worker or beneficiary," or a worker's "right to relief *is sustained by the board*," then "the board shall fix a reasonable fee for the services of [the worker's]

7

No. 56691-5-II

attorney in proceedings before the board." RCW 51.52.120(2) (emphasis added); *see Spohn v. Dep't of Lab. & Indus.*, 17 Wn. App. 2d 805, 810-11, 488 P.3d 889 (2021).

In contrast, "[i]n an appeal to the board involving the [firefighter] presumption established under RCW 51.32.185, the attorney's fee shall be payable as set forth under RCW 51.32.185." RCW 51.52.120(4). Thus, RCW 51.32.185(9)(a) controls fees and costs when a firefighter appeals a Department ruling:

> When a determination involving the [firefighter] presumption . . . is appealed to the [Board] *and the final decision allows the claim for benefits*, the [Board] shall order that all reasonable costs of the appeal, including attorney fees and witness fees, be paid to the firefighter . . . or [their] beneficiary by the opposing party.

(emphasis added). "Attorney fees and costs are awarded in [firefighter presumption] cases to guarantee the injured worker adequate legal representation in presenting [their] claim on appeal without a diminution of any award." *Johnson*, 16 Wn. App. 2d at 263.

*Johnson* featured a request to reopen a claim involving the firefighter presumption. *Id.* at 257-58. The Department declined to reopen the claim and Johnson appealed to the Board. *Id.* at 258. The Board reversed the Department and remanded, instructing the Department to reopen the claim, but the Board denied Johnson's motion for attorney fees. *Id.* at 258-59.

We held that Johnson was entitled to attorney fees for the appeal to the Board. *Id.* at 263-64. In doing so, we explained that "a firefighter is entitled to an award of attorney fees and costs when (1) a 'determination involving the presumption' has been appealed and (2) *the Board has issued a 'final decision* [that] allows [Johnson's] claim for benefits.'" *Id.* at 261 (emphasis added) (quoting RCW 51.32.185(9)(a)) (first alteration in original). Despite this language describing the attorney fee statute, the *Johnson* decision did not address what constitutes an appeal to the Board under RCW 51.32.185(9)(a). Nor did the *Johnson* court have before it the issue presented here:

8

No. 56691-5-II

whether the "final decision" referenced in RCW 51.32.185(9)(a) could be a final decision made by the Department in response to an appeal to the Board. Put another way, the *Johnson* court found that there had been a "final Board decision" allowing Johnson's claim for benefits, but the court did not address whether fees could be awarded where the final decision is the result of an appeal to the Board, but is made by the Department. *See id.* at 263.

C.      Application of the Attorney Fee Provision in This Case

Here, the Department denied Christiansen's request to reopen his claim and he appealed to the Board. Before any hearings, motions, or other activity occurred before the Board, the Department reassumed jurisdiction under RCW 51.52.060(4)(b)(i). Under that statute, the Board had to deny the appeal without prejudice. On reconsideration, the Department's final decision then allowed Christiansen to reopen his claim and allowed payment of benefits.

Under RCW 51.32.185(9)(a), in order for a prevailing firefighter to be entitled to attorney fees for work performed before the Board, the firefighter must have appealed a Department ruling to the Board and there must have been a "final decision" to allow the claim for benefits. Unlike the more precise language that the legislature used to discuss attorney fees applying to all workers in RCW 51.52.120(2), the legislature did not expressly limit who had to issue the "final decision" in RCW 51.32.185(9)(a) allowing the firefighter's claim for benefits, even though the legislature could have done so. And we must not read additional words into the Act, such as reading "the final decision" to mean only "the final decision *of the Board*." *See Taylor*, 97 Wn.2d at 728.

Nevertheless, the Department contends that reading the entire attorney fee provision in context, we should conclude the legislature intended "the final decision" to mean only the final decision of the Board. The Department asserts that the use of the word "and" in the first sentence

9

No. 56691-5-II

of RCW 51.32.185 (9)(a), "when a determination involving the [firefighter] presumption . . . is appealed to the [Board] *and* the final decision allows the claim for benefits," associates the "final decision" in (9)(a) exclusively with the Board. Br. of Resp't at 13-15.

But even if we accept that RCW 51.32.185(9)(a) *can* be read in the way the Department argues, Christiansen presents an equally reasonable plain language reading of the statute: so long as there was a final decision allowing benefits that ultimately resulted from the appeal to the Board, the firefighter is entitled to attorney fees. Thus, the phrasing of the statute is at least ambiguous, and we must resolve any ambiguity in the Act in favor of the worker. RCW 51.12.010; *Spivey*, 187 Wn.2d at 726.

Here, the Department acknowledged that it reassumed jurisdiction over Christiansen's application "in response to" Christiansen's appeal. AR at 21. There was a final decision, albeit from the Department, allowing the claim for benefits, similar to *Johnson* where the Board remanded to the Department with instructions to reopen the claim. 16 Wn. App. 2d at 258. Thus, Christiansen satisfied the statute's bare requirements when he made an appeal to the Board and the resulting final decision allowed his claim.

The Department is correct that the Board had a statutory obligation to deny Christiansen's appeal once the Department reassumed jurisdiction. But Christiansen's claim would not have ultimately been reopened but for the appeal that his attorney filed at the Board explaining the reasons why the Department erred. Christiansen had to hire an attorney to research, draft, and file the notice of appeal that prompted the Department to review its decision and reassume jurisdiction. And Christiansen now seeks only the fees incurred bringing that appeal at the Board.

10

No. 56691-5-II

In general, the Act disfavors an outcome that would "result in an inadequate recovery" for an injured worker, and appellate courts have specifically recognized that bearing their own attorney fees reduces the ultimate recovery for a worker. *Id.* at 263; *see also Evergreen Freedom Found.*, 192 Wn.2d at 789-90. We have emphasized that awarding attorney fees to workers in firefighter presumption cases avoids diminishing the worker's award by forcing them to pay for the cost of litigating their successful appeal. *Johnson*, 16 Wn. App. 2d at 263. As such, the fact that Christiansen did not need to fully litigate his appeal is unpersuasive. The Department's decision to reconsider Christiansen's claim may have reduced its liability for attorney fees, but it did not eliminate such liability. Under Christiansen's reading of the statute's plain language, nothing in the attorney fee provision requires more than an "appeal[] to the [B]oard" and a "final decision," which could come from either the Board or the Department, that "allows the claim for benefits." RCW 51.32.185(9)(a). Where there is ambiguity in the Act, we must construe the Act in Christiansen's favor. RCW 51.12.010. We conclude that Christiansen is entitled to attorney fees under RCW 51.32.185(9)(a) for the fees incurred for work preparing the appeal to the Board.

## II. THE DEPARTMENT'S REASSUMPTION OF JURISDICTION ARGUMENT

The Department claims that it was no longer an "opposing party" that could be liable for fees under RCW 51.32.185(9)(a) once it reassumed jurisdiction and reopened Christiansen's claim. Br. of Resp't at 15. The Department also asserts that because the Board transferred jurisdiction back to the Department, the Board cannot award attorney fees. It reasons that, once the Department reassumed jurisdiction, the Board had no authority to enter a final order and consequently no authority to award attorney fees. But here, after its final decision reopening the claim, the Department transferred the request for attorney fees to the Board to resolve. Nothing

11

No. 56691-5-II

would have prevented the Board from awarding attorney fees to Christiansen at that stage in the proceedings.

We acknowledge that our reasoning may incentivize workers to immediately appeal denied claims to the Board rather than first petitioning for reconsideration with the Department. But it will also incentivize the Department to avoid decisions that will require workers to bring appeals and to reconsider decisions on its own initiative to avoid unnecessary appeals to the Board. And the Department will still have incentive to reexamine decisions even after an appeal is filed because the Department can minimize fee payouts if it reassumes jurisdiction rather than requiring an appeal to the Board to go to a full hearing. On balance, incentives created by our reading of the statute are consistent with the primary purpose of the Act, to ensure workers are provided the compensation they are entitled to. RCW 51.12.010.

RCW 51.32.185(9)(a) entitles Christiansen to fees and costs for work his attorney performed before the Board.

### APPELLATE ATTORNEY FEES

Christiansen also seeks appellate attorney fees under RAP 18.1, RCW 51.52.130, and RCW 51.32.185(9)(b).

RAP 18.1(a) allows the award of appellate attorney fees as permitted by "applicable law." Christiansen has prevailed on appeal and applicable law authorizes his request. *See Johnson*, 16 Wn. App. 2d at 264. We grant Christiansen's request and award him reasonable appellate attorney fees for his counsel's work before the superior court and this court, with the amount to be determined by a commissioner of this court.

12

No. 56691-5-II

CONCLUSION

We reverse. We remand for the Board to order the Department to pay Christiansen's attorney fees and costs for the work performed before the Board, and we grant Christiansen's request for appellate attorney fees, in an amount to be determined by a commissioner of this court.

_____
Glasgow, C.J.

We concur:

_____
Veljacic, J.

_____
Price, J.