IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DENNIS MCGUIRE,<br><br>      Appellant,<br><br>    v.<br><br>BOEING COMPANY, and<br>WASHINGTON STATE<br>DEPARTMENT OF LABOR AND<br>INDUSTRIES,<br><br>      Respondents. | No. 85571-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAZ, J. — Dennis McGuire, representing himself, appeals a superior court order affirming a Board of Industrial Insurance Appeals (Board) decision affirming an order of the Department of Labor and Industries (Department) closing his workers' compensation claim. McGuire asserts that the superior court failed to properly consider and weigh his testimony and medical evidence. But substantial evidence supports the superior court's decision. We affirm.

I.   BACKGROUND

McGuire started working as a flight line mechanic and inspector for The Boeing Company (Boeing) in October 2011. Prior to working for Boeing, McGuire underwent two major back surgeries: a lumbar laminectomy in 1999 and a cervical discectomy and fusion in 2007.

On December 8, 2012, McGuire was working in an enclosed area when a coworker reportedly pointed a knife at his face. McGuire filed an industrial injury claim and sought benefits for post-traumatic stress disorder (PTSD), which he asserted was proximately caused by the knife incident.[1] On January 10, 2013, McGuire sustained an industrial injury to his back while bending, turning and lifting an airplane part. The Board found that this injury did not aggravate McGuire's preexisting lumbar degenerative disc disease. After sustaining this injury, McGuire was off work until March 11, 2013.

On March 14, 2013, three days after returning to work, McGuire sustained a third industrial injury when he was sitting at a cafeteria table and a co-worker put his hand on McGuire's neck and shoulder and exerted pressure while lowering himself to sit at the table, proximately causing a strain/sprain of his neck. McGuire sought workers' compensation for physical injuries sustained as a result of this incident, and the Department accepted the claim. McGuire never returned to work, and in January 2015, Boeing terminated his employment. On May 6, 2019, the Department closed this claim without a permanent disability award.[2]

McGuire, representing himself, appealed the claim closure to the Board. An industrial appeals judge (IAJ) conducted an evidentiary hearing on April 3, 2020. At the hearing, McGuire asserted that he only wanted remand for treatment of PTSD, which he claimed was aggravated by the March 2013 cafeteria incident. McGuire presented his own testimony and the testimony of Dr. Tyson Bailey, a forensic clinical psychologist retained by McGuire in December 2019 to conduct a psychological assessment and

---

[1] The parties dispute whether or not the Department accepted McGuire's claim for the knife incident. Whether the claim was accepted or rejected is of no consequence to the issues raised in this appeal.

[2] At the time of claim closure, the only administratively accepted condition was cervical strain/sprain.

provide expert testimony.

McGuire testified that the cafeteria incident "frightened me from the standpoint that someone was putting their hands on me in an aggressive manner and having the previous experience with my life being threatened with a knife, I was still on edge." McGuire testified that after this incident he developed "[p]anic attacks, nightmares, flashbacks, coping issues, [and] fear for my life type issues." McGuire could not recall whether the coworker who was involved in the March 2013 cafeteria incident was the same coworker who pointed a knife at him in December 2012.

Dr. Bailey testified that he had diagnosed McGuire with PTSD proximately caused by the December 2012 knife incident on a more probable than not basis. Dr. Bailey further opined that the March 2013 cafeteria incident aggravated McGuire's PTSD on a more probable than not basis and that McGuire needed more treatment as of May 6, 2019.

Boeing moved for a continuance to call a mental health expert to rebut Dr. Bailey's testimony. Shortly after the April 3, 2020 hearing, McGuire retained counsel and moved to reopen his case in chief to present further witnesses and evidence, which the IAJ granted. McGuire then presented the deposition testimony of Dr. Jeffrey Hart, a retired psychiatrist retained by McGuire's counsel who conducted a psychiatric examination of McGuire on September 9 and November 18, 2020. Dr. Hart diagnosed McGuire with PTSD proximately caused by the December 2012 knife incident and further aggravated by the March 2013 cafeteria incident. Dr. Hart additionally diagnosed McGuire with generalized anxiety disorder and attention deficit hyperactivity disorder. Dr. Hart opined that McGuire was in need of further treatment and was unable to work in any capacity on May 6, 2019.

3

Boeing presented the deposition testimony of two board certified psychiatrists, Dr. Russell Vandenbelt and Dr. Paul Ciechanowski. Dr. Vandenbelt had conducted an independent medical examination (IME) of McGuire on March 6, 2014 in relation to McGuire's industrial injury claim arising from the December 2012 knife incident. He also reviewed McGuire's medical records and the evaluations conducted by Dr. Bailey, Dr. Hart, and Dr. Ciechanowski. Dr. Vandenbelt opined that McGuire did not have any mental health condition proximately related to the March cafeteria 2013 incident on a more probable than not basis.

Dr. Ciechanowski conducted an IME of McGuire on January 25, 2021 and also reviewed McGuire's mental health records and the evaluations conducted by Dr. Vandenbelt, Dr. Bailey, and Dr. Hart. Dr. Ciechanowski testified that McGuire did not have a psychiatric condition proximately related to the March 2013 cafeteria incident.

On October 29, 2021, the IAJ issued a detailed proposed decision and order with findings of fact and conclusions of law. The IAJ "was not persuaded that McGuire presented credible factual and medical evidence in support of his appeal of the closing order" and concluded that McGuire "failed to prove by a preponderance of the evidence that he has any mental condition that was exacerbated by his March 14, 2013 industrial injury." Given this disposition, the IAJ did not address McGuire's claims that those conditions were in need of treatment or that he was entitled to back time-loss compensation or a permanent partial or total disability award as of the date his claim was closed.

McGuire petitioned the Board to review of the IAJ's decision and the Board accepted review. On January 4, 2022, the Board issued an order denying McGuire's petition for review and adopting the proposed decision and order as its own.

McGuire appealed the Board's decision to the superior court. On June 23, 2023, the superior court affirmed and adopted the findings of fact and conclusions of law entered by the Board's decision and order. The court found, in finding of fact 6, that "Mr. McGuire's March 14, 2013 industrial injury did not proximately cause or aggravate any mental health condition."

McGuire appealed.

## II.      ANALYSIS

### A.  Standard of Review

The Industrial Insurance Act (IIA), Title 51 RCW, governs judicial review of workers' compensation determinations. Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 179, 210 P.3d 355 (2009). A worker aggrieved by the decision and order of the Board may appeal to the superior court. RCW 51.52.110. The superior court conducts a de novo review of the Board's decision, based only on the administrative record and evidence presented to the Board. RCW 51.52.115; Butson v. Dep't of Labor & Indus., 189 Wn. App. 288, 295, 354 P.3d 924 (2015). The Board's decision is prima facie correct, and the opposing party must support its challenge by a preponderance of the evidence. RCW 51.52.115; Eastwood v. Dep't of Labor & Indus., 152 Wn. App. 652, 657, 219 P.3d 711 (2009).

We review the decision of the superior court rather than the decision of the Board. Birgen v. Dep't of Labor and Indus., 186 Wn. App. 851, 856, 347 P.3d 503 (2015). The

superior court's decision is subject to the ordinary standard of review for civil appeals. RCW 51.52.140; Malang v. Dep't of Labor & Indus., 139 Wn. App. 677, 683, 162 P.3d 450 (2007). This court's review is "limited to examination of the record to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings." Young v. Dep't of Labor & Indus., 81 Wn. App. 123, 128, 913 P.2d 402 (1996). Substantial evidence is enough evidence to persuade a fair-minded, rational person of the truth of the declared premise. Potter v. Dep't of Labor & Indus., 172 Wn. App. 301, 310, 289 P.3d 727 (2012). We review the record in the light most favorable to the party that prevailed in superior court. Robinson v. Dep't of Lab. & Indus., 181 Wn. App. 415, 425, 326 P.3d 744 (2014). "Credibility determinations are solely for the trier of fact and cannot be reviewed on appeal." Watson v. Dep't of Lab. & Indus., 133 Wn. App. 903, 909, 138 P.3d 177 (2006).

### B. Substantial Evidence

McGuire argues that the superior court erred in finding that his March 2013 industrial injury did not proximately cause or aggravate any mental health condition. We disagree.

"For a claimant to prove causation, the testimony of medical experts 'must establish that it is more probable than not that the industrial injury caused the subsequent disability.'" Grimes v. Lakeside, 78 Wn. App. 554, 561, 897 P.2d 431 (1995) (quoting Zipp v. Seattle Sch. Dist. No. 1, 36 Wn. App. 598, 601, 676 P.2d 538 (1984)). "[B]enefits are not limited to those workers previously in perfect health." Dennis v. Dep't of Labor & Indus., 109 Wn.2d 467, 471-72, 745 P.2d 1295 (1987). Where a sudden industrial injury

"lights up" or activates a latent preexisting condition, the resulting disability is attributed to the injury and is compensable. Id. at 471-72.

Here, viewing the evidence in the light most favorable to Boeing, as we must, we conclude substantial evidence in the record supports the trial court's finding that "Mr. McGuire's March 14, 2013 industrial injury did not proximately cause or aggravate any mental health condition."

Namely, Dr. Ciechanowski and Dr. Vandenbelt, each board-certified, testified that, in their opinion, McGuire did not have any mental health condition proximately related to the March 2013 cafeteria incident on a more probable than not basis. Both doctors emphasized that McGuire was an unreliable historian and that he selectively reported different histories to different mental health experts, thus making it difficult to reach a reasonable conclusion about how the cafeteria incident may have impacted him.

For his part, Dr. Vandenbelt testified that he was unable to arrive at any mental health diagnosis partly because McGuire "just didn't provide enough information." Dr. Vandenbelt also observed that McGuire has a pattern of being vague, guarded, evasive, and non-responsive when answering questions and that McGuire's examination and mental health records did not contain any references to the March 2013 cafeteria incident.

Dr. Ciechanowski further testified that his mental status examination of McGuire did not indicate that McGuire had an active psychiatric diagnosis. Like Dr. Vandenbelt, Dr. Ciechanowski felt that McGuire was an uncooperative interview subject and that McGuire engaged in "a bit of gamesmanship." Dr. Ciechanowski found it particularly significant that nothing in McGuire's medical records indicated that his emotional distress was related to the March 2013 cafeteria incident.

It is true that Dr. Bailey and Dr. Hart opined that that March 2013 cafeteria incident aggravated McGuire's preexisting PTSD on a more probable than not basis. But Dr. Bailey specified that his opinion regarding causation was based in part on his belief that the coworker involved in the March 2013 cafeteria incident was the same coworker involved in the December 2012 knife incident. In fact, McGuire was unable to confirm which coworker was involved in the March 2013 incident. Dr. Bailey acknowledged that if the two incidents did not involve the same person, that information could modify his opinion regarding causation. Dr. Bailey also acknowledged that no records documented McGuire's PTSD symptoms between the date of the knife incident and the date of the cafeteria incident, so he had to rely primarily on what McGuire told him to determine whether those symptoms had worsened following the cafeteria incident. Similarly, Dr. Hart conceded that McGuire's chart notes focused on mental health issues arising from the December 2012 knife incident and did not reference the March 2013 cafeteria incident. Thus, not only is there affirmative substantial evidence in support of the Board's order, but also a fair-minded rational person could consider the evidence McGuire proffers as lacking, when we review the record in the light most favorable to Boeing.

In fact, McGuire does not assert that the superior court's finding was unsupported by substantial evidence. Instead, he argues that the lower court failed to appropriately weigh and consider his testimony and the opinions of his medical experts. McGuire essentially asks us to reweigh the evidence, make credibility determinations, and construe the evidence in the light most favorable to him. But this court will not weigh testimony or make inferences that the trial court did not make; we simply review the record for substantial evidence that supports those findings the trial court did make. Rogers,

8

151 Wn. App. at 180–81. Nor will this court revisit credibility determinations on appeal. See McClure & Sons, Inc. v. Dep't of Labor & Indus., 16 Wn. App. 2d 854, 861, 487 P.3d 186 (2021) (appellate court does not weigh the evidence, but instead construes it in the light most favorable to the prevailing party).

At his most specific, McGuire also argues that the trial court should have given Dr. Bailey's testimony greater weight as an attending physician. Under the "attending physician" doctrine, the trier of fact should give "special consideration" to the opinion of the claimant's treating physician in worker's compensation cases. Hamilton v. Dep't of Labor & Indus., 111 Wn.2d 569, 571, 761 P.2d 618 (1988). But Dr. Bailey was not McGuire's attending physician; rather, he was retained to provide expert testimony in support of McGuire's claim for relief. Even if he was, the attending physician doctrine does not require the trier of fact to "give more weight" or credibility to the attending physician's testimony but rather to give it "careful thought." Id. at 572. McGuire has not shown that the finder of fact failed to properly consider Dr. Bailey's opinion under that standard.[3]

C. Proximate Cause Standard

Finally, McGuire also argues that the superior court erred in affirming the Board's order because he only needed to show that the March 2013 industrial injury was a proximate cause of his disability, not the sole cause. Indeed, in workers' compensation

---

[3] McGuire appears to also argue that his subjective testimony regarding his mental health symptoms, coupled with Dr. Bailey and Dr. Hart's medical testimony, was sufficient to establish that the March 2013 cafeteria incident proximately caused or aggravated his mental health conditions. "When a worker claims a psychiatric disability, however, the medical testimony may be based entirely upon subjective findings." McClure v. Dep't of Labor & Indus., 61 Wn. App. 185, 187, 810 P.2d 25 (1991) (citing Price v. Dep't of Labor and Indus., 101 Wn.2d 520, 682 P.2d 307 (1984)). But as previously discussed, substantial evidence supports the superior court's findings, and we do not reweigh and rebalance competing testimony and inferences on appeal. Harrison Mem'l Hosp. v. Gagnon, 110 Wn. App. 475, 485, 40 P.3d 1221 (2002).

cases, an employee can be compensated when their disability has multiple proximate causes, one of which is the employee's preexisting condition and one of which is the workplace event. Wendt v. Dep't of Lab. & Indus., 18 Wn. App. 674, 682, 571 P.2d 229 (1977). The law does not require that the industrial injury be the sole proximate cause. Dep't of Labor & Indus. v. Shirley, 171 Wn. App. 870, 880, 288 P.3d 390 (2012).

Here, the trial court found that the March 2013 incident "did not proximately cause or aggravate any mental health condition." This finding does not suggest that the alleged trauma was the sole proximate cause or otherwise rely on the distinction between multiple proximate causes. Instead, the trial court simply found that the knife incident was not a proximate cause of any kind for McGuire's claimed mental health conditions. And, as previously discussed, substantial evidence supports the trial court's finding.

### III. CONCLUSION

Affirmed.

Díaz, J.

WE CONCUR:

Chung, J.

Dwyer, J.